DECISION
{¶ 1} Defendant-appellant, Allen Whaley, is appealing the finding of the Franklin County Municipal Court that he was domiciled in Columbus, Ohio for tax years 1997 through 2000 and hence was obligated to pay city income tax for those years. He asserts six assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS DOMICILED IN COLUMBUS FOR HIS *Page 2 
CAL-ARK TRUCKER INCOME WHEN APPELLANT WAS NEVER PHYSICALLY PRESENT IN COLUMBUS, BUT RATHER WAS PHYSICALLY PRESENT AND DOMICILED IN SOUTH POINT, OHIO FOR THE TAX YEARS HE WORKED FOR CAL-ARK AS A TRUCKER.
 II. THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT WAS DOMICILED IN COLUMBUS FOR HIS CAL-ARK TRUCKER INCOME SINCE COLUMBUS WAS THE RESIDENCE OF HIS WIFE WHO HELD APPELLANT'S POWER OF ATTORNEY FOR THE TAX YEARS.
 III. THE TRIAL COURT ERRED BY FAILING TO DISTINGUISH BETWEEN MAILING ADDRESS AND RESIDENCE ADDRESS.
 IV. THE TRIAL JUDGE WAS PREJUDICED AGAINST THE APPELLANT DURING AND AFTER TRIAL.
 V. FINDINGS OF FACT AND CONCLUSIONS OF LAW IN THE JUDGMENT ENTRY WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WERE ERRONEOUS, DENIED DUE PROCESS AND EQUAL PROTECTION GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND THE TRIAL COURT SHOULD HAVE ENTERED THE FINDINGS OF FACT AND CONCLUSIONS OF LAW AND THE JUDGMENT ENTRY PROPOSED BY APPELLANT.
 VI. THE TRIAL COURT ERRED BY NOT GRANTING A NEW TRIAL, OR CHANGING OR ENTERING THE FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT ENTRY PROPOSED BY APPELLANT, OR OTHERWISE HEARING ADDITIONAL TESTIMONY, THEREBY VIOLATING DUE PROCESS AND EQUAL PROTECTION GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
 {¶ 2} The first three assigned errors all address the same issue and hence will be addressed together. Allen Whaley was married to Janice Clarke during the years in question. Ms. Clarke admittedly lived on Hemlock Street in the city of Columbus. No *Page 3 
divorce or dissolution proceedings were pending, but Whaley denied living with his wife. Instead, he asserted that he lived in South Point, Ohio with his mother. Because he worked as an over-the-road trucker, he was not in Ohio much of the time. He was a member of the Ohio National Guard and attended drills each month. He slept at the home closest to the site of his drills, usually at his mother's house but at his wife's home in Columbus for three months in 1998.
 {¶ 3} Whaley listed his wife's Hemlock Street address as his residence with all his employers, Cal-Ark International, Waste Management of Ohio and the Ohio National Guard. His commercial driver's license listed the Hemlock Street address as his place of residence. His federal tax returns listed Hemlock Street as his place of residence, which corresponded with his W-2 forms. Two of the years in question, he filed individual returns which listed Hemlock in the box labeled "Home address." Based upon these facts, the trial court found that Whaley was domiciled in Columbus, Ohio, despite the testimony of Whaley, his wife and his mother that he lived with his mother on those occasions when he was in Ohio, except for a three-month period when he acknowledged living with his wife in Columbus.
 {¶ 4} Decisions in civil cases which are supported by competent, credible evidence will not be overturned on appellate review to determine the weight of the evidence. See C.E. Morris Co. v. FoleyConst. Co. (1978), 54 Ohio St.2d 279. All reasonable presumptions must be made in favor of the civil judgment and its findings of fact. SeeSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. *Page 4 
 {¶ 5} The trial court was in the best position to assess the credibility of the witnesses and was clearly critical of some of the testimony presented, especially with respect to the signature on Whaley's federal income tax forms.
 {¶ 6} The evidence with respect to Whaley's commercial driver's license, his tax returns, and his listing his residence as being with his wife with Whaley's employers, constituted competent, credible evidence of Whaley's domicile. We cannot overturn that factual finding on appeal.
 {¶ 7} The first, second, and third assignments of error are overruled.
 {¶ 8} The fifth assignment of error presents the same issues in different words. For the reasons set forth above, that assignment of error is also overruled.
 {¶ 9} The fourth assignment of error asserts that the trial court judge who heard the case was prejudiced against Whaley and that this prejudice impacted the trial court's judgment. In her brief, on behalf of Whaley, counsel sets forth three events which occurred during the trial which counsel asserts is a demonstration of prejudice.
 {¶ 10} In the first event, the city of Columbus had presented the testimony of Harland Geiger who was the supervisor of the delinquent accounts section of the City of Columbus Income Tax Division. Geiger had provided copies of what purported to be Whaley's federal income tax returns and attached W-2 forms. When counsel for the city of Columbus offered these documents into evidence, counsel for Whaley objected, alleging the documents were not relevant. When this was overruled, counsel for Whaley objected on hearsay grounds. The trial judge, sitting as the trier of fact, allowed additional testimony about the hearsay question regarding the documents being business records kept by the city of Columbus. The judge expressed a preference for deciding the case on *Page 5 
the facts, when no serious debate existed that these were Whaley's W-2 forms and his tax returns. We cannot say the judge's ruling indicated bias or prejudice, especially since the requirements for admissibility of the documents had been met by earlier testimony.
 {¶ 11} The second event involves the late filing of proposed findings of fact and conclusions of law by the city of Columbus. Proposed findings of fact and conclusions of law are a convenience for the trial court judge. In a court as busy as the Franklin County Municipal Court, the convenience assists the trial judge in handling the incredible volume of cases in the court. The drafts are not binding on the trial court and allowing additional time to provide the drafts is not an indication of bias or prejudice.
 {¶ 12} The third event involved the trial judge expressing concerns that Whaley might be creating legal problems for himself, by planning on testifying that he did not live at the Hemlock Street address after apparently signing a series of federal income tax returns "under penalties of perjury" which stated that he resided at Hemlock Street. The trial court's concerns were legitimate concerns on Whaley's behalf. The concerns were not an indication of prejudice.
 {¶ 13} We find no basis in the record for a finding of bias or prejudice. The fourth assignment of error is overruled.
 {¶ 14} In the sixth assignment of error, counsel first alleges error in the failure of the trial court to recognize the Clarke-Whaley marriage as a modern marriage in which the spouses have separate domiciles. The trial court seemed to understand this argument, but was not persuaded by it — most importantly because Whaley listed his residential address as Hemlock Street with the Ohio Bureau of Motor Vehicles for his commercial driver's license, a fact Whaley acknowledged repeatedly when he testified. *Page 6 
The commercial driver's license was an extremely important document for an over-the-road trucker and needed to accurately reflect Whaley's residence.
 {¶ 15} Under this assignment of error, counsel for Whaley also alleges that the trial judge should have provided her time to object to the proposed findings of fact and conclusions of law filed on behalf of the city of Columbus. The trial judge knew that counsel for Whaley disagreed with the position of the city of Columbus on several factual and legal issues. Each side had presented a closing argument at the conclusion of the court trial. Objection to the proposed findings of fact and conclusions of law could not have changed the outcome of the trial since they could only have paralleled the arguments presented in open court.
 {¶ 16} The sixth assignment of error is overruled.
 {¶ 17} All six assignments of error having been overruled, the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1